# CLEVELAND *v.* WILKIN.

PATENTS; INTERFERENCE; BURDEN OF PROOF.

1. The junior applicant in an interference proceeding where the question is one of originality, and not priority, must sustain the burden of proof.

2. Where, in interference proceedings, the machine of one of the parties embodying the invention, and which reduced it to practice, shows a specifically different arrangement of the device from that of his adversary's drawing, but both are within the generic invention of the issue, the point of difference is of no practical importance.

No. 331.   Patent Appeals.   Submitted March 15, 1906.   Decided April 3, 1906.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.                    *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. William W. Dodge* and *Messrs. Dodge & Sons* for the appellant.

*Messrs. Benedict & Morsell* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an interference proceeding involving opposing claims to the invention of an improvement in gang sawmills.

The issue was disclosed in three counts, as follows:

"1. In a gang sawmill the combination of a saw frame or sash, and two counterbalancing devices operating in intersect-

ing planes or paths, the first serving to counterbalance the saw frame or sash and the second serving to counterbalance the first.

"2. In a gang sawmill, the combination of saw frame or sash; a counterbalancing mechanism therefor; and a second counterbalancing device connected with and serving to neutralize the effect of the first counterbalancing mechanism in a path intersecting the path of movement of the saw frame or sash.

"3. In combination with the main frame work, sash, and actuating mechanism of a gang sawmill, a shaft provided with counterbalancing weights set to reach the downward limit of their throw as the sash reaches its highest point, and *vice versa;* a second counterweight movable back and forth in a given plane at substantially right angles to the plane of movement of the saw frame or sash; and connections between the first and second counterweights, whereby the latter is brought to its medial position when the first is at its highest and lowest points, and is moved inward toward the first when said first counterweight is on the same side of its carrying shaft as the second counterweight, and is moved outward therefrom as the first counterweight passes to the opposite side of its shaft.

The appellant, Charles E. Cleveland, having filed his application on January 6, 1904, the burden of proof was imposed upon the appellee, Theodore S. Wilkin, whose application was filed one day thereafter. The question to be determined is not one of priority between independent inventors, but of originality, and the issue is one of fact solely.

Wilkin was an inventor of a gang sawmill that was manufactured by the Giddings & Lewis Manufacturing Company of Fond du Lac, Wisconsin, for a number of years, by an arrangement between them. Their relations were severed in the fall of 1902. The contention of Wilkin is that he conceived the invention of the issue as an improvement upon his patented device, and made a sketch of the same in March or April, 1897. That he sent his sketch to E. S. Newton, draughtsman and designer of the Giddings & Lewis company, who was also a friend of his. That Newton made a scale drawing of the same, which was kept among other drawings and blue prints in a drawer in the

office of said company. That Cleveland, who was then vice president and manager of said company, saw that drawing, had it explained to him, and made a blue print of the same. And that Cleveland adopted the same with a slight variation, constructed a machine, and then made application for patent as the inventor thereof.

Each tribunal of the Patent Office decided in favor of Wilkin. The evidence in support of his contention, as well as that supporting Cleveland's claim of invention, has been carefully and fairly reviewed in the successive decisions of those tribunals. Further review and discussion is unnecessary. Suffice to say that, upon an examination of the evidence, and aside from the weight attached to the unanimous decisions of the Patent Office tribunals, we have no doubt that Wilkin was the real inventor, and that Cleveland obtained his knowledge of the invention from Newton's drawing made after Wilkin's original sketch. Wherever there is a conflict between witnesses, surrounding and well-established circumstances of great weight support those who testified on behalf of Wilkin.

The machine made by Cleveland in 1903, which embodied and reduced his alleged invention to practice, shows a specifically different arrangement of the second counterbalancing device from that shown in the Wilkin drawing; but both are within the generic invention of the issue. The point of difference, therefore, is of no practical importance, though it may have served to induce Pelton, who worked on the plans for the construction of Cleveland's machine, to claim the invention as against Cleveland.

The decision in favor of Wilkin will be affirmed; and this decision and the proceedings herein will be certified to the Commissioner of Patents as the law requires.          *Affirmed.*